UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 2:22-51-DCR-CJS |
| ) | |
| V. ) | |
| ) | **ORDER AND** |
| ANTHONY MARIO WYNN, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Anthony Mario Wynn's *pro se* "Motion Requesting Court to Reconsider Bond." (R. 81). The matter has been referred to the undersigned pursuant to the Standing Referral Order (R. 17) and in accordance with 28 U.S.C. § 636(b) and Rule 59 of the Federal Rules of Criminal Procedure. For the reasons discussed below, to the extent Wynn's *pro se* Motion seeks reconsideration of the undersigned's detention ruling, it will be denied both as an impermissible hybrid filing and on the merits. To the extent the Motion is an appeal to the District Judge of the prior detention ruling, it will be recommended that the appeal be denied both as an impermissible hybrid filing and on the merits.

**I.   BACKGROUND**

Defendant Anthony Mario Wynn was initially charged by way of a Criminal Complaint (R. 1) with possession of cocaine with the intent to distribute, possession of a firearm as a convicted felon, and possession of a firearm in furtherance of drug trafficking. Wynn initially appeared on July 18, 2022. (R. 6). Upon motion of the United States, the Court continued the matter for a detention hearing and granted Wynn's request to combine the detention and preliminary hearings. (*See id*.). At the July 27, 2022 Preliminary Hearing, the Court granted Wynn's oral motion to

continue the detention hearing to provide him more time to address his disagreements with the Pretrial Services Report. (*See* R. 9).[1]

A detention hearing, conducted pursuant to the provisions of the Bail Reform Act, was subsequently held. (R. 11; *see* R. 29 transcript). Proceeding by proffer, defense counsel noted Wynn's lifetime residency in the area, ties to the community, family support, and compliance with the Kenton County Home Incarceration Program. Defense counsel further noted that Wynn's mother was willing to accept third-party custody should her son be released. Finally, defense counsel noted that Wynn reported to Pretrial Services that he had a heart attack in 2018, that he continues to suffer from serious medical issues due to his heart condition, and is in need of seeing medical specialists that he could accomplish more easily if released on bond.

The Government conceded and the Court found that defense counsel's presentation satisfied the light burden of production to rebut the statutory presumption. However, after considering the Criminal Complaint and supporting Affidavit, the testimony at the preliminary hearing, the Pretrial Services Report, and the evidence and arguments of counsel presented at the detention hearing, the Court concluded that the United States had satisfied its burden of persuading the Court by clear and convincing evidence that Wynn could not be released based upon danger to the community.[2] The Court explained,

---

[1] The Court moved forward with the Preliminary Hearing and, based on the testimony of ATF Special Agent Jeff Price, found probable cause to support the charges alleged in the Criminal Complaint and bound the matter over to the Grand Jury. (*See id.*).

[2] Section 3142(g) of the Bail Reform Act explains that when a court assesses whether any conditions of release will be sufficient, it must "take into account the available information" as to four factors: "(1) the nature and circumstances of the offense charged, . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . .; (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

2

> Wynn was stopped and found with drugs and two loaded firearms, either of which alone are presumptively viewed as dangerous to the community, particularly so when found in combination and with Defendant having a history of prior drug trafficking. The found drugs were of a quantity indicative of distribution, and the cell phone seized contained text messages evidencing that distribution is occurring and has been for some time. In combination with loaded firearms while that drug trafficking is taking place, and so soon after a prior drug conviction, along with Defendant continuing to incur further criminal charges after being released on bond by the state, all supports the conclusion that there is no set of conditions that could be imposed and reasonably monitored by Pretrial Services that the Court could have confidence Wynn would comply with.

(R. 30 at Page ID 156). Thus, Wynn was ordered detained pending further proceedings.

On August 11, 2022, the federal grand jury at Covington returned an Indictment charging Wynn with one count of possession with intent to distribute a mixture or substance containing cocaine in violation of 21 U.S.C. § 841(a)(1), one count of possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A), and one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*See* R. 13). During the Arraignment, Wynn pleaded not guilty to the charges contained in the Indictment. (R. 20). A Final Pretrial Conference was set for October 4, 2022, with the Jury Trial set for October 18, 2022. (*See* R. 21). The Final Pretrial Conference was converted to a Motion Conference in order to address a Motion to Continue Jury Trial (R. 26) filed by Wynn, through counsel. (*See* R. 28). At the Motion Conference, the Jury Trial was vacated, a Status Conference was set for November 15, 2022, and the deadline for filing defensive motions was extended generally, pending the November 15 Status Conference. (*See* R. 31). At the November 15 Status Conference, the defensive motion deadline was set for December 16, 2022, and a further Status Conference was scheduled for December 20, 2022. (*See* R. 32). The December 20 Status Conference was subsequently rescheduled to December 22. (*See* R. 33).

On December 16, 2022, Wynn, by and through counsel, filed a Motion to Suppress (R. 34) and a Motion for *Brady* Material (R. 35). Given the filing of these defensive motions, the December 22 Status Conference was cancelled as no longer necessary, and the United States was ordered to file a response in accordance with the local rules. (*See* R. 36). On December 29, 2022, the United States filed its Responses. (R. 37; R. 38). By way of a telephonic Motion Conference held on January 25, 2023, an evidentiary hearing on the Motion to Suppress was set for February 23, 2023, and the United States was permitted to file a Motion *in Limine* concerning the evidentiary hearing by February 3, 2023. (*See* R. 42).

On January 28, 2023, Wynn, by and through counsel, filed a Motion to reopen the detention hearing. (R. 43; *see* R. 45). Wynn argued that new and material information warranted reopening his detention hearing, namely: (1) that his mother could assume third-party custodial supervision, thereby mitigating his danger to the community; (2) that he has a heart condition, further mitigating his danger to the community, which condition could be best monitored and treated on pretrial release; and (3) that because he has "been in custody for more than 6 months," his "alleged source of supply is unlikely to be accessible to [him] if he were to be released at this point." (R. 43 at Page ID 195). The United States filed its Response on February 3, 2023. (R. 48).

The United States also filed its Motion *in Limine* on February 3, 2023. (R. 47). Wynn, by and through counsel, filed a Response on February 17, 2023. (R. 50). On February 22, 2023, Wynn, by and through counsel, moved to continue the evidentiary hearing on the Motion to Suppress due to counsel experiencing health issues. (R. 51). The evidentiary hearing was therefore rescheduled to March 16, 2023. (*See* R. 52; R. 53).

On March 16, 2023, the Government's Motion *in Limine* was denied without prejudice (R. 54) and Wynn's Motion for *Brady* Material and Motion to Reopen Detention Hearing were denied

(R. 55; R. 56).  Notably, Wynn's request to reopen the detention hearing was denied because none of the information presented constituted new and material evidence to warrant reopening the detention hearing.  (*See* R. 56).  Specifically, Wynn's heart condition and his mother's willingness to take third-party custody were both acknowledged in the prior Detention Order (R. 30) and therefore did not constitute "new" information.  (*See* R. 56 at Page ID 232).  In addition, Wynn's supposed lack of access to his alleged source of supply did not demonstrate that he was less likely to pose a danger to the community and therefore did not constitute "material" information.  (*See id*. at Page ID 232-33).

At the March 16, 2023 Evidentiary Hearing on the Motion to Suppress, the United States presented testimony from two Covington police officers, with the parties agreeing to continue the evidentiary hearing in order to accommodate the third officer's schedule. (*See* R. 57; R. 58; *see also* R. 63 at Page ID 243-45, 310-11).  At the conclusion of the April 3, 2023 continued evidentiary hearing, the Court granted Wynn's unopposed oral motion to file a post-hearing brief and permitted the Government to file a responsive brief.  (*See* R. 60).  On July 7, 2023, Wynn filed his Post-Hearing Brief in Support (*see* R. 71) and on July 15, 2023, the United States filed its Post-Hearing Brief in Opposition (*see* R. 72).  On August 25, 2023, the undersigned recommended denying Wynn's Motion to Suppress.  Wynn filed his objections to the Report and Recommendation on September 8, 2023 (R. 74) and on September 18, 2023, the United States filed its Response thereto (R. 75).  On October 18, 2023, then-presiding District Judge David Bunning adopted the Report and Recommendation denying Wynn's Motion to Suppress.  (R. 76).  A Jury Trial was set for January 22, 2024 (*see* R. 77) and the matter was reassigned to Chief Judge Danny C. Reeves (*see* R. 78).  A Scheduling Conference is currently set for November 17, 2023.  (*See* R. 82).

II.     **ANALYSIS**

In his current Motion, Wynn, proceeding "by and through pro-se, . . . requests the Court to reconsider the Court's decision to detain Mr. Wynn." (R. 81) (referencing "DKT#30"). Wynn argues for reconsideration of the detention order because (1) he has now been in custody for 15 months, making it more likely that his alleged source of supply will not be accessible to him; (2) his mother is still willing to assume third-party custodial supervision; and (3) his need for medical treatment concerning his heart condition continues. (*See id*. at Page ID 465-66). In addition, Wynn argues that his pretrial detention is "unconstitutionally punitive" because it has exceeded 15 months and because the detention center has allegedly limited his access to the law library. (*Id*. at Page ID 466).

Wynn's Motion should be denied, for the following reasons. First, Wynn is not permitted to proceed under hybrid representation. Second, Wynn fails to produce new, material information to warrant reopening of the detention hearing or to warrant revoking or amending the pretrial detention order. Finally, Wynn's continued pretrial detention does not violate the Due Process Clause.

A.     **Hybrid Representation**

Generally, hybrid representation is prohibited in the Sixth Circuit. In felony criminal cases, a defendant has a Sixth Amendment right to representation by counsel, "*or,* alternatively, to represent himself." *United States v. Mosely,* 810 F.2d 93, 97 (6th Cir. 1987), *cert. denied,* 484 U.S. 841 (1987) (emphasis in original) (citing *Faretta v. California,* 422 U.S. 806 (1975)); *see also* 28 U.S.C. § 1654 (giving parties the right to "plead and conduct their own cases personally *or* by counsel") (emphasis added). In other words, criminal defendants do not have a protected right to "hybrid representation." *United States v. Miller,* 561 F. App'x 485, 488 (6th Cir. 2014)

(citing *Mosely,* 810 F.2d at 98); *see also United States v. Green,* 388 F.3d 918, 922–23 (6th Cir. 2004). This means a defendant "has a constitutional right to be represented by counsel *or* to represent himself during his criminal proceedings, but not both." *Miller,* 561 F. App'x at 488 (internal citations omitted) (emphasis in original); *see, e.g.*, *Kentucky v. Mobley*, No. 5:21-cv-21-KKC, 2021 WL 254301, at *1 (E.D. Ky. Jan. 25, 2021) ("While a litigant may proceed pro se, he may not take the middle path, picking certain issues or matters to litigate himself while leaving others to appointed counsel.").

There are a few situations in which a trial court may exercise its discretion to permit hybrid representation, such as undue delay, jury confusion, conflict over trial strategy, and skill of defense counsel. *Green,* 388 F.3d at 922 (citing *Mosely,* 810 F.2d at 98). However, Wynn has not established that any of these circumstances exist in his case such that hybrid representation should be allowed. Attorney Kerry Neff has represented Wynn at initial, pre-Indictment proceedings, following Indictment, and has continued to represent him as appointed counsel during pretrial proceedings. (*See, e.g.*, R. 6, Initial Appearance and Arraignment; R. 77, Scheduling Conference before District Judge Bunning on October 20, 2023). Attorney Neff has not filed a motion to withdraw as counsel, nor has Wynn ever indicated his intention or desire to terminate Mr. Neff's representation and proceed *pro se*. *See United States v. Jones,* 489 F.3d 243, 248–49 (6th Cir. 2007) (requiring a defendant to "clearly and unequivocally assert[] his right to proceed *pro se*"); *see also Faretta v. California,* 422 U.S. 806, 834 (1975) (defendant must "knowingly and intelligently" waive his right to counsel). Thus, because Wynn is represented by counsel, he is precluded from "picking certain issues or matters to litigate himself, while leaving others to appointed counsel." *Mobley*, 2021 WL 254301, at *1. Therefore, Wynn's *pro se* "Motion Requesting Court to Reconsider Bond" (R. 81) can be denied on this basis alone.

7

B.     Reviewing Detention

The Bail Reform Act provides for multiple avenues of reviewing a detention order. (*See* R. 44). For instance, under 18 U.S.C. § 3142(f),

> [t]he [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Alternatively, 18 U.S.C. § 3145(b) provides that a defendant who has been detained by order of a magistrate judge may move for the district judge to revoke or amend that pretrial detention order, which review by the district judge is likely *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1128-29 (S.D. Ohio 2000); *see, e.g.*, *United States v. Johnson*, No. 5:19-177-DCR, 2019 WL 7040618, at *2 (E.D. Ky. Dec. 20, 2019).

Here, Wynn does not specify the basis for his request; he simply "requests the Court to reconsider the Court's decision to detain Mr. Wynn." (*See* R. 81). To the extent that Wynn is moving to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f), he has failed to produce new and material information. Wynn's primary arguments for reopening the detention hearing—his mother's willingness to take third-party custody, his ongoing health issues, and his alleged inability to access his source of supply—have already been addressed by the Court in its prior Order denying his first motion to reopen the detention hearing. (*See* R. 56). The fact that Wynn has now been in custody for fifteen months, as compared to the six months he was in custody at the time of filing his first motion to reopen the detention hearing (*see* R. 43 at Page ID 195), does not change the Court's prior analysis. That is, Wynn continues to merely speculate that his alleged source of supply will not contact him if he were released. Any promise by Wynn that he would not contact his alleged source (or sources) of supply does not address his possession of two loaded

8

firearms and his possession of those loaded firearms while also being in possession of controlled substances.  (*See* R. 56 at Page ID 232-33).

To the extent that Wynn is requesting revocation of or amendment to the pretrial detention order pursuant to 18 U.S.C. § 3145(b), that determination rests with the presiding District Judge.  In that regard, the undersigned therefore also presents this conclusion that Wynn should remain detained as a recommendation to the presiding District Judge.  *See, e.g.*, *United States v. Borden*, No. 1:15-CR-4-GNS, 2017 WL 1017933 (W.D. Ky. Mar. 10, 2017).

### C.     Due Process

Finally, Wynn argues his pretrial detention is "unconstitutionally punitive" based primarily on the length of the detention, but also due to the alleged lack of access to the law library at the detention center.  (R. 81 at Page ID 466).  In so arguing, Wynn notes, "The [Third] Circuit has clearly recognized that a defendant['s] due process guarantees require release in the event of unduly prolonged pretrial."  (*Id.*) (citing *United States v. Accetturo*, 783 F.2d 382 (3d Cir. 1986), *United States v. Lopez*, 827 F. Supp. 1107, 1112 (D. N.J. 1993), *United States v. Gatto*, 750 F. Supp. 664, 675 (D. N.J. 1990), *United States v. Mendoza*, 663 F. Supp. 1043, 1047 (D. N.J. 1987) and then *United States v. Howard*, No. 4:17-cr-0291-04, 2019 WL 3838665 (M.D. Pa. Aug. 15, 2019)).[3]

Indeed, the Sixth Circuit recognizes that pretrial detention can violate the Fifth Amendment "when it amounts to 'punishment of the detainee.'"  *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  "Whether a pretrial detention is unconstitutionally excessive is determined on a case-by-case basis."  *Id*. (citing *United*

---

[3] Wynn does not allege that these Third Circuit cases bare a factual resemblance with his own circumstances; rather, he cites the cases solely for the general proposition that a pretrial detention can violate due process when it is unduly prolonged.  (*See* R. 81 at Page ID 466).

9

*States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993)). To determine whether a pretrial detention is unconstitutionally excessive, the Sixth Circuit looks to four factors:

> (1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based.

*Id*. (citing *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000)); *see United States v. Nero*, 854 F. App'x 14, 16 (6th Cir. 2021).[4] Based on these factors, Wynn's pretrial detention does not violate due process. Each factor will be addressed in turn.

    **1.**    **Length of detention**

Wynn notes in his Motion he has been detained for more than 15 months. (*See* R. 81). In addressing a similar due process claim for release based on prolonged pretrial detention, another division within this District found that a 15-month period "fall[s] empirically in a middle band of relative pre-trial periods under due process scrutiny." *United States v. Kinison*, No. 5:12-CR-57-JBC-REW, 2012 WL 4433296, at *5 (E.D. Ky. Sept. 24, 2012) (citing *United States v. Aileman*, 165 F.R.D. 571, 582 (1996) (grouping delay periods in cases challenging pre-trial detention on due process grounds)). The court further found that "many cases have approved much longer delay periods as consistent with due process." *Id*. (citing *Watson*, 475 F. App'x at 601-02; *United States v. Meeks*, No. 10-20123, 2011 WL 4407448, at *7 (E.D. Mich. Sept. 22, 2011) (approving 22-month period and citing Second Circuit law approving 30–33-month period)). Thus, Wynn's 15-month period of pretrial detention is not unconstitutional by virtue of the length of detention alone. *See Watson*, 475 F. App'x at 601 (citing *El-Hage*, 213 F.3d at 79) ("The length of pretrial detention

---

[4] Notably, the due process factors utilized in the Third Circuit cases cited by Wynn substantially reflect the factors used in the Sixth Circuit to evaluate the constitutionality of a pretrial detention. For example, compare the factors addressed in *Watson*, 475 F. App'x at 601, with the factors addressed in *Accetturo*, 783 F.2d at 388 (looking to "the length of the detention that has in fact occurred, the complexity of the case, and whether the strategy of one side or the other has added needlessly to that complexity," in addition to the factors relevant to the initial detention decision).

is not dispositive, and will, by itself, rarely offend due process."). Therefore, the Court "must look to the other factors in conjunction with length of detention." *Id*. at 602.

### 2. Extent of prosecution's responsibility for delay of trial

There has been no allegation by Wynn that the prosecutor improperly introduced delay through litigation tactics, unnecessary motion practice, improper discovery, or other such acts. Indeed, rather than acknowledging that the defense motion practice in this case is in large part what has resulted in delays in proceeding to trial (*see, e.g.*, R. 34, Motion to Suppress; R. 35, Motion for *Brady* Material; R. 43, Motion for Reconsideration of Detention Order), Wynn merely argues that a pretrial detention period of over 15 months is unconstitutionally excessive in and of itself (*see* R. 81). However, as noted previously, a pretrial detention will not be considered unconstitutional based solely on a 15-month period. *See Kinison*, 2012 WL 4433296, at *5. And most of the requests for an extension of time or a continuance of a proceeding were made by Wynn. (*See* R. 26; R. 31; R. 32; R. 51; R. 65; R. 67; R. 69).

Wynn makes a passing argument that his pretrial detention is unconstitutional because the Campbell County Jail is allegedly limiting his access to the law library. (*See* R. 81 at Page ID 466). Notably, "the Constitution does not guarantee a prisoner absolute physical access to a prison law library. Prison officials are free to reasonably regulate the time, place, and manner in which library facilities are used so long as inmates are assured meaningful access to the courts." *Kendrick v. Bland*, 586 F. Supp. 1536, 1550 (W.D. Ky. 1984); *Walker v. Mintzes*, 771 F.3d 920, 932 (6th Cir. 1985) ("We are concerned with a right of access *to the courts*, not necessarily a prison law library."). The Supreme Court has held that because there is no "abstract, freestanding right to a law library or legal assistance," an inmate alleging a constitutional violation based on lack of access to a law library must "demonstrate that the alleged shortcomings in the library or legal

11

assistance program hindered his efforts to pursue a [nonfrivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 353 & n.3 (1996); *see Hadix v. Johnson*, 182 F.3d 400, 404-05 (6th Cir. 1999); *Simmons v. United States*, 974 F.3d 791, 795 (6th Cir. 2020). Moreover, not only do Wynn's limitations on law library access not constitute a due process challenge to his pretrial detention, he in fact has access to the law by and through his counsel of record.

In any event, the analysis under this second factor "typically involves decisions or actions within the formal prosecution itself," not the detention facility. *Kinison*, 2012 WL 4433296, at *6. In short, it cannot be said that the *prosecution* is responsible for any delay of Wynn's trial. *See Nero*, 854 F. App'x 18 (finding "progress was slowed by repeated motions and abundant discovery" and prosecution was not responsible for delay "attributable to stipulated extensions"). Thus, the second factor weighs against finding Wynn's pretrial detention unconstitutional.

   **3. Gravity of charges**

Wynn is charged with possession with intent to distribute a mixture or substance containing cocaine in violation of 21 U.S.C. § 841(a)(1) (Count I), possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count II), and possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count III). (*See* R. 13). In addition, the United States has filed a Prior Conviction Information pursuant to 21 U.S.C. § 851(a)(1), informing of its intent to argue Wynn's two prior state convictions for drug trafficking constitute "felony drug offenses," permitting increased punishment under 21 U.S.C. § 841(b)(1)(C). (R. 15). With respect to Count I, Wynn faces a statutory maximum term of 20 years in prison for his first offense, which increases to a statutory maximum term of 30 years in prison if either of his state convictions constitutes a felony drug offense. (*See* R. 13 at Page ID 21); *see also* 21 U.S.C. § 841(b)(1)(C). Notably, "there is a presumption of detention where an offense prescribed in the

12

Controlled Substances Act carries a maximum term of 10 years imprisonment." *Watson*, 475 F. App'x at 602 (citing 18 U.S.C. § 3142(e)(3)(A) and then *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010)). Moreover, with respect to Count II, Wynn faces a statutory mandatory minimum term of 5 years in prison for his first offense. (*See* R. 13 at Page ID 21); *see also* 18 U.S.C. § 924(c)(1)(A)(i). Thus, the gravity of the charges weighs against finding Wynn's pretrial detention unconstitutional. *See Watson*, 475 F. App'x at 602 (finding gravity of charges weighed against defendant where a single count carried a minimum sentence of 5 years' imprisonment); *Kinison*, 2012 WL 4433296, at *6-7 (same).

### 4. Strength of evidence upon which detention was based

The strength of the evidence against Wynn was outlined in open court at the conclusion of the detention hearing and in the undersigned's Detention Order. (*See* R. 30); *see also Nero*, 854 F. App'x at 16 (noting the strength-of-the-evidence factor is "a part of the initial detention decision"). Specifically,

> Wynn was stopped and found with drugs and two loaded firearms, either of which alone are presumptively viewed as dangerous to the community, particularly so when found in combination and with Defendant having a history of prior drug trafficking. The found drugs were of a quantity indicative of distribution, and the cell phone seized contained text messages evidencing that distribution is occurring and has been for some time.

(R. 30 at Page ID 156). Thus, under the circumstances, the strength of the evidence weighs against finding Wynn's pretrial detention unconstitutional. *See Kinison*, 2012 WL 4433296, at *7 (finding strength of evidence weighed against defendant where evidence consisted of contraband found on defendant's person, which alone created a statutory presumption of detention, and cell phone found on defendant's person, which included texts discussing criminal behavior).

In sum, while the length of Wynn's pretrial detention is not taken lightly, Wynn has failed to demonstrate that the prosecution is to blame, or that he no longer poses a danger to the

13

community. *See Nero*, 854 F. App'x at 17 ("In cases involving long pretrial detentions, the government's part in the delay is often decisive."); *see also Kinison*, 2012 WL 4433296, at *6-7 (quoting *United States v. Salerno*, 481 U.S. 739, 750 (1987)) ("While the Government's general interest in preventing crime is compelling, even this interest is heightened when the Government musters convincing proof that the arrestee, already indicted or held to answer for a serious crime, presents a demonstrable danger to the community. Under these narrow circumstances, society's interest in crime prevention is at its greatest.").

**III.   CONCLUSION**

Accordingly, to the extent Wynn requests the undersigned reopen the detention hearing pursuant to 18 U.S.C. § 3142(f), **IT IS ORDERED** that Wynn's Motion (R. 81) is **denied**.

To the extent Wynn requests the presiding District Judge revoke or amend the pretrial detention order pursuant to 18 U.S.C. § 3145(b), **IT IS RECOMMENDED** that the Motion (R. 81) be **denied**.

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1). The parties should consult the statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the presiding District Judge. Any objection must be filed within **fourteen days** of the entry of this Report and Recommendation. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of the fourteen-day period, this matter will be submitted to Chief Judge Reeves for his consideration.

Signed this 2nd day of November, 2023.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\criminal cov\2022\22-51-DCR-CJS order denyg mtn to recnsdr bond.docx