UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 22-051-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANTHONY WYNN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Anthony Wynn's *pro se* request for reconsideration of bond. [Record No. 83] The issue was referred to United States Magistrate Judge Candace J. Smith for issuance of a Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 59 of the Federal Rules of Criminal Procedure. Magistrate Judge Smith recommends denying Defendant Wynn's motion to reconsider the Court's decision ordering pretrial detention because he fails to produce new, material information warranting the reopening of his detention hearing or to warrant revoking or amending the pretrial detention order.

Defendant Wynn did not provide a specific basis for his request that the Court reconsider its decision to detain him prior to trial. However, to the extent that Wynn has moved to reopen his detention hearing under 18 U.S.C. § 3142(f), he failed to produce new and material information that the Court did not previously considered regarding his earlier motion.[1]

---

[1] Defendant Wynn has claimed that his mother's willingness to take third-party custody, his ongoing health issues, the length of his pretrial detention, and his alleged inability to access his source of controlled substances justified his pretrial release. [Record Nos. 30, 43] These

-1-

[Record No. 56]  Alternatively, to the extent that Wynn requests revocation of or amendment to his pretrial detention order pursuant to 18 U.S.C. § 3145(b), he presents no new evidence that would warrant granting this request.

Wynn separately claims that the length of pretrial detention and his loss of access to the law library at the detention center are "unconstitutionally punitive." [Record No. 81]  The United States Court of Appeals for the Sixth Circuit recognizes that conditions of pretrial detention can violate a defendant's due process rights under the Fifth Amendment when they amount to punishment.  *See United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012).  To determine whether pretrial conditions amount to punishment, the Court looks to the following four factors: (1) the length of the detention; (2) the extent of the prosecution's responsibility for the delay of the trial; (3) the gravity of the charges; and (4) the strength of the evidence upon which the detention was based.  *Id*.

A brief analysis of these factors reveals that Defendant Wynn's pretrial detention has not violated his due process rights.  Wynn has been in pretrial detention for 15-months, a period that another judge in this district found "fall[s] empirically in a middle band of relative pre-trial periods under due process scrutiny." *United States v. Kinison*, No. 5:12-CR-57- JBC-REW, 2012 WL 4433296, at *5 (E.D. Ky. Sept. 24, 2012).  And courts in "many cases have approved much longer delay periods as consistent with due process."  [*Id*.] (citing *Watson*, 475 F. App'x at 601-02).

---

arguments were made in a previous motion to reopen his bond hearing and noted by the Court in a detention order. This Court rejected those arguments and ordered that he remain in custody.  [Record Nos. 30, 56]

Wynn does not allege that the prosecution has improperly delayed his trial. In fact, the record reveals that the defense has engaged in extensive motions practice which has extended Wynn's pretrial detention. [Record No. 83] To the extent that Wynn implies his restricted access to the law library has delayed his *pro se* defense, the Supreme Court has held that there is no "abstract, freestanding right to a law library" for detainees. *Lewis v. Casey*, 518 U.S. 343, 351, 353 & n.3 (1996); *see also Walker v. Mintzes*, 771 F.3d 920, 932 (6th Cir. 1985) ("We are concerned with a right of access to the courts, not necessarily a prison law library.")

Next, the gravity of charges against Wynn are serious and counsel against release. Specifically, the defendant is charged with possession with intent to distribute a mixture or substance containing cocaine in violation of 21 U.S.C. § 841(a)(1) (Count I), possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count II), and possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count III). [Record No. 13] Further, the evidence against Wynn is sufficiently strong to favor pretrial detention. As Magistrate Judge Smith acknowledged, "Wynn was stopped and found with drugs and two loaded firearms, either of which alone are viewed as dangerous to the community, particularly so when found in combination and with Defendant having a history of prior drug trafficking." [Record No. 30]

Finally, Magistrate Judge Smith concludes that Defendant Wynn must proceed either as a *pro se* defendant or with counsel, but he cannot proceed in this matter under "hybrid representation." *United States v. Mosely*, 810 F.2d 93 (6th Cir. 1987), *cert. denied*, 484 U.S. 841 (1987). This form of representation is prohibited in the Sixth Circuit. In felony criminal cases, a defendant has a Sixth Amendment right either to representation by counsel, "**or**, alternatively, to represent himself," but not to both methods of defense. [*Id*. at 97] Therefore,

to provide for the orderly administration of justice and to ensure that Wynn's constitutional rights as a criminal defendant are preserved, he must proceed either *pro se* or with the representation of counsel from this point forward.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Neither party has objected to the Magistrate Judge Smith's conclusions that Defendant Wynn has failed to present new and material information that would justify reopening his bond hearing. No objections were made to Magistrate Judge Smith's determinations that Wynn's pretrial detention does not violate his Fifth Amendment rights or that Wynn must now proceed *pro se* or with counsel.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. United States Magistrate Judge Candace J. Smith's Report and Recommendation [Record No. 83] is **ADOPTED IN FULL** and **INCORPORATED** here by reference.

2. Defendant Wynn's *pro se* motion for the Court to reconsider bond [Record No. 81] is **DENIED**.

Dated: November 21, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky