UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> ANTHONY MARIO WYNN, ) <br> ) <br> Defendant. ) | Criminal Action No. 2: 22-51-DCR <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Anthony Wynn has filed a motion to dismiss Counts 2 and 3 of the Indictment. [Record No. 127]  Specifically, he contends: (1) there is insufficient proof to establish that he possessed a firearm in furtherance of the drug trafficking crime referenced in Count 1; (2) he was legally entitled to possess a firearm under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022); and (3) he is not a "dangerous" person as prescribed by *United States v. Williams*, 113 F.4th 637, 662 (6th Cir. 2024).  For the following reasons, Wynn's motion will be denied.

### I. Sufficiency of the Evidence is a Decision for the Finder of Fact.

Count 2 will not be dismissed because the sufficiency of the evidence is not a legal question at this point, but a factual question best left to the province of a jury.  "District courts may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder."  *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997).

Further, the Court must also decline to "improperly weigh the evidence, which is the province of the jury." *United States v. Jaffal*, 79 F.4th 582, 608 (6th Cir. 2023).

The defendant asks the undersigned to dismiss Count 2 because he is charged under 18 U.S.C. §924(c)(l)(A) based on a firearm that contained his DNA in a vehicle that Wynn did not own, and "rarely operated[.]" [Record No. 127, p. 2] He further argues the United States' case is "devoid of proof that he possessed either firearm in furtherance of drug activity." [*Id.*] If the defendant is correct, it stands to reason that a jury would acquit him of that charge. However, at this stage of the proceedings, the Court declines to make that *factual* determination. "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Marra*, 481 F.2d 1196, 1199 (6th Cir. 1973). Accordingly, Count 2 will not be dismissed.

**I. Firearms Used for Criminal Purposes Violate the Second Amendment.**

The defendant next attempts to apply *Bruen* to establish any alleged firearm possession was sanctioned under the Second Amendment, arguing "that he was legally entitled to possess a firearm[.]" [Record No. 127, p. 2] Wynn fails to distinguish the simple possession of a firearm protected by the Constitution from Title 18 United States Code Section 924(c)(1)(A), which prohibits firearm possession "during and in relation to any crime of violence or drug trafficking crime[.]" In order words, the right to bear arms is not the right to bear arms while trafficking drugs.

*Bruen* does not establish a rule protecting firearm possession for drug traffickers. Instead, it allows for the right to bear commonly used arms in public subject to certain reasonable, well-defined restrictions. *Bruen*, 597 U.S. at 71 (citing *District of Columbia v.*

*Heller*, 554 U.S. 570, 581 (2008)). Extending the Supreme Court's holding in *Bruen* to this scenario would allow drug traffickers to carry guns in contravention of both § 924(c)(1)(A) and the public safety. The defendant is not charged with simply "possessing of a firearm." He is charged with possession in connection with a drug trafficking crime.

The United States is correct to point out that the Sixth Circuit addressed a similar issue in *United States v. Burgess*, No. 22-1110, 2023 WL 179886 (6th Cir. Jan. 13, 2023). There, the defendants challenged the district court's determination that led to firearms sentencing enhancements pursuant to *United States v. Greeno*, 679 F.3d 510, 514 (6th Cir. 2012), resulting from a conviction under § 924(c). The Sixth Circuit concluded that *Bruen* did not help the defendants. *Burgess*, No. 22-1110, 2023 WL 179886. The defendant's *Bruen*-related attempt to dismiss Count 3 fails under the same rationale.

### I. The Defendant is Dangerous Based on his Criminal History.

Finally, Wynn argues that, under *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), "his two (2) prior drug trafficking convictions do not establish him as a dangerous person." [Record No. 127, p. 2] But *Williams* established that

> [a] person convicted of a crime is "dangerous," and can thus be disarmed, if he has committed (1) a crime "against the body of another human being," including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. An individual in either of those categories will have a very difficult time, to say the least, of showing he is not dangerous.

*Id.*, 113 F.4th at 663.

Wynn contends that, "[w]ithout a showing by the government of violent or dangerous actions, the Defendant should not be characterized as dangerous for purposes of the *Williams* examination." [Record No. 127, p. 3] But Wynn *was convicted* "for Facilitation of First-

Degree Robbery in 2010. He *was also convicted* of First-Degree Trafficking in a Controlled Substance (Opiates) for an unrelated event in 2010. And he was *subsequently convicted* of First-Degree Trafficking in a Controlled substance (Cocaine and Heroin) in 2013." [Record No. 136, p. 1] "[D]istrict courts need not find a 'categorical' match to a specific common-law crime to show that a person is dangerous. Rather, district courts should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction." *Williams*, 113 F.4th at 663.

Here, the undersigned concludes that, given Wynn's extensive history involving both a robbery charge, and multiple serious drug trafficking offenses, he is the kind of dangerous offender that comports with the factors outlined in *Williams*. Drug trafficking is explicitly discussed in *Williams* as posing a "significant threat of danger," and robbery, even if it "did not result in physical injury to another" still requires a threat of dangerous force under KRS 515.020. *See Williams*, 113 F.4th at 663; [Record No. 127, p. 3.] Count 3 will not be dismissed because Wynn's criminal history sufficiently qualifies him as a dangerous person.

### I. Conclusion

For the reasons outlined above, it is hereby **ORDERED** that Defendant Wynn's motion to dismiss Counts 2 and 3 of the Indictment [Record No. 127] is **DENIED**.

Dated: December 10, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky