UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL NO. 22-51-DCR

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                          **SENTENCING MEMORANDUM**

ANTHONY MARIO WYNN                                                                DEFENDANT

\* \* \* \* \*

The Defendant was caught with crack cocaine that he intended to distribute and multiple firearms. He violently resisted arrest to try to prevent police from locating the crack cocaine. The Defendant's cellular phone showed that he had been engaged in this activity for a substantial time. His significant criminal history includes violent conduct and multiple convictions for drug trafficking, resulting as classification as a career offender. The Court should impose a mid-guideline sentence of 384 months imprisonment and six years of supervised release.

I. **Summary of offense:**

During the early morning hours of August 28, 2020, the Defendant was driving a blue 2009 Hyundai Sonata on Howard Litzler Drive near Madison Avenue in Fort Wright, Kenton County, KY. The Defendant was operating the vehicle outside of the lane of travel. Covington police officers stopped him to investigate traffic offenses and a possible DUI.

During the stop, officers noticed the smell of marijuana coming from the vehicle and conducted a pat-down of the Defendant. This resulted in the recovery of marijuana from the Defendant's pocket and detection of obvious drugs hidden in his groin area. The Defendant forcibly resisted efforts to recover this additional contraband, but officers ultimately located two bags of crack cocaine from the Defendant's underwear. Officers conducted a search of the passenger compartment of the vehicle incident to arrest and located a loaded SAR Arms pistol in the glove box and a digital scale in the center console. Based on the evidence found on the Defendant and inside the car, officers conducted a probable cause search of the trunk and located a loaded Taurus pistol inside a backpack.

Officers also seized a cellular phone during the encounter; a subsequent search pursuant to a search warrant revealed hundreds of messages between the Defendant and customers consistent with the Defendant distributing cocaine and other substances. In addition, there were messages in which the Defendant directed his mother to place a firearm in his car. DNA analysis showed overwhelming evidence that the Defendant's DNA contributed to DNA samples recovered from each firearm.

**II. Objections to the Presentence Report:**

The Defendant has not raised any objections that affect the calculation of the advisory guideline range due to the Defendant's status as a career offender. Counsel for the Defendant has objected to language in the Presentence Report regarding the Defendant's obstruction of justice, lack of credit for acceptance of responsibility, and notations regarding findings of malingering during his psychological evaluation.

Inclusion of the counsel's explanations regarding these matters is sufficient to preserve those arguments and no further action is required. To the extent that the Court views these as substantive objections requiring rulings, the objections should be overruled because the Presentence Report correctly reflects evidence in the record from the trial and submitted documents regarding these matters.

### III. Sentencing Factor Analysis:

The Defendant's advisory guideline range is 360 months to life. The evidence at trial showed that the Defendant had multiple prior serious felony convictions while engaging in ongoing armed drug trafficking for an extended time. The nature and circumstances – and inherent dangerousness – of the offenses call for a sentence within the advisory guideline range.

The Defendant's personal characteristics and other sentencing factors demonstrate the need for a sentence above the low end of the advisory guideline range. He has described a difficult childhood, but the information provided has been contradictory and the totality of these claims is not sufficient to take him from the heartland of similar offenders. His claims of mental and physical issues must be taken with more than a grain of salt due to his demonstrated malingering during the psychological evaluation. The Defendant is only 34 years old but is already a career offender and has a pending case for assault on a police officer from an unrelated arrest. His education and work history are extremely limited. He has had more felony convictions than legitimate jobs.

The Defendant has delayed the disposition of this case in almost every possible way, he has failed to demonstrate acceptance of responsibility and obstructed justice

through contradictory and false testimony. These actions, combined with his criminal history, show a profound lack of respect for the law, a direct danger to the community, and a substantial need for deterrence and extensive correctional treatment.

The Defendant has a substantial history of committing serious felony crimes. Paragraph 34 of the Presentence Report shows that he was convicted of robbery as a juvenile. He repeated that offense as an adult in 2009 (Paragraph 36). He was convicted of First Degree Trafficking in a Controlled Substance in 2010 (Paragraph 37). This offense and the robbery resulted in a combined prison term of six years. He committed multiple crimes while on parole for these offenses, eventually resuming his career of drug trafficking in 2013 (Paragraphs 38-42). These new offenses committed while on parole resulted in a consecutive prison sentence of eight years (Paragraph 42). He was paroled again in 2018 and violated that parole in 2020 (Paragraph 42). He was arrested for assaulting a police officer and theft of his brother's identity in 2021 while out on state bond for the current offenses (Paragraphs 50, 62). He was again on parole when he committed the offenses that bring him to federal court (Paragraphs 42, 62).

## IV. Conclusion:

The statutory sentencing factors all support imposition of a sentence above the low end of the advisory guideline range and call for rejection of any requested variance. Merely imposing a sentence at the low end of the advisory guideline range would not account for the Defendant's obstruction of justice, violent history, and danger to the community. A sentence of 384 months in prison and six years of supervised release would be sufficient, but not more than necessary, to account for the full continuum of

4

sentencing factors. The United States is not recommending a fine due to the Defendant's lack of financial resources, but we ask that the forfeiture of the firearms be announced at sentencing and reflected in the final judgment.

Respectfully submitted,

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

By:    s/ Anthony J. Bracke
       Assistant United States Attorney
       207 Grandview Drive, Suite 400
       Ft. Mitchell, KY 41017
       PHONE: 859-655-3200
       FAX: 859-655-3212
       Anthony.Bracke@usdoj.gov

/s/ Joel T. King
Assistant United States Attorney
207 Grandview Drive, Suite 400
Ft. Mitchell, Kentucky 41017
(859) 655-3205
FAX (859) 655-3211
Joel.King@usdoj.gov

## CERTIFICATE OF SERVICE

On July 1, 2025, I filed this document under seal through the ECF system, which will send a copy to counsel for the Defendant.

 s/ Anthony J. Bracke
Assistant United States Attorney
